# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR HERNANDEZ GOMEZ, | Case No. 1:26-cv-2411-JLT-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF |
| v. | HABEAS CORPUS AND DIRECT RESPONDENTS TO PROVIDE |
| CALEB VITELLO, et al., | PETITIONER WITH A BOND HEARING |
| Respondents. | |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States at an unknown date and time. (ECF No. 1 at 1; ECF No. 6-1 at 3.[1]) On January 22, 2026, Department of Homeland Security ("DHS") officers served Petitioner a notice to appear and detained him. (ECF No. 1 at 1; ECF No. 6-1 at 3–5.) Petitioner is currently detained at the California City Correction Center. (ECF No. 1 at 1.)

On March 30, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO") challenging his immigration detention. (ECF Nos. 1, 2.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

The assigned district judge denied the motion for TRO as untimely. (ECF No. 5.) On April 20, 2026, Respondents filed an answer. (ECF No. 6.)

**II.**

**DISCUSSION**

**A.  Applicability of 8 U.S.C. § 1225(b)**

"Respondents argue that Petitioner is an applicant for admission subject to mandatory detention without due process rights but recognizes that this Court has repeatedly rejected this argument." (ECF No. 6 at 2 n.1.) "District courts around the country have rejected the government's position that section 1225(b)(2) permits it to pursue mandatory detention against noncitizens who have not been lawfully admitted but have been present in the country for years." Valencia Zapata v. Kaiser, 801 F. Supp. 3d 919, 936 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases)). "Here in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission.'" Valencia v. Chestnut, 809 F. Supp. 3d 1064, 1067 (E.D. Cal. 2025) (collecting cases).

The Court recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b) based on the reasoning in Carlos v. Chestnut, No. 1:26-cv-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026), which found that "a non-citizen who has resided in this country for an extended period likely falls within the discretionary detention authority under 8 U.S.C. § 1226, rather than the mandatory detention authority under 8 U.S.C. § 1225." Id. at *2 (citing E.L.D.M. v. Becerra, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025)). As Petitioner is detained under 8 U.S.C. § 1226(a), the Court further recommends finding that Petitioner is entitled to a bond hearing[2] given that Petitioner was detained pursuant to an administrative warrant. (ECF No. 6-1 at 3.) See J.A.C.P.

---

[2] Petitioner requests the Court to "[o]rder Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within a reasonable time, at which the Government bears the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk." (ECF No. 1 at 3.) However, at a bond hearing pursuant to 8 U.S.C. § 1226(a) "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" Hernandez v. Sessions, 872 F.3d 976, 982 (9th Cir. 2017) (quoting In re Guerra, 24 I. & N. Dec. 37, 38 (BIA 2006)).

v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025).

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 1, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3